IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2008

Charles R. Fulbruge III
Clerk

No. 06-51173
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN PABLO MONTES-GARAY, also known as Juan Madera

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-682-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Pablo Montes-Garay appeals the sentence imposed for his illegal reentry into the United States after having been removed following a felony conviction in violation of 8 U.S.C. § 1326. Montes-Garay's guidelines range of imprisonment was seventy to eighty-seven months. The district court sentenced him to seventy months in prison.

Montes-Garay argues on appeal that the district court erred by failing to properly weigh and balance the sentencing factors set forth in 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3553(a). He states, for example, that he reentered the United States only to find work and a seventy-month sentence was too harsh of a penalty for what amounted to no more than an international trespass.

Our review is bifurcated. See Gall v. United States, 128 S. Ct. 586, 597 (2007). First, we must determine whether the district court committed any significant procedural error. Id. Second, if the district court did not commit a significant procedural error, we review the sentence for substantive reasonableness. Id. We review sentencing decisions for abuse of discretion. Id. We review the district court's application of the Sentencing Guidelines de novo and the court's factual findings for clear error. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008).

The record shows that the district court heard argument and received information regarding the circumstances of Montes-Garay's offense, including his motive for reentering the United States. The district court was provided with information that addressed several § 3553(a) factors, including the nature and circumstances of Montes-Garay's offense, his history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment, to give adequate deterrence from criminal conduct, and to protect the public from future crimes by the defendant. Prior to imposing the sentence, the district court gave Montes-Garay the opportunity to speak on his behalf, and the court specifically addressed both his mitigation arguments and his prior drug offense. See Rita v. United States, 127 S. Ct. 2456, 2469 (2007).

Montes-Garay has not demonstrated that the district court procedurally or substantively erred and thus abused its discretion in imposing his sentence. See Gall, 128 S. Ct. at 596-97. He has not rebutted the presumption that his sentence, which falls within and at the bottom of a properly calculated sentencing guidelines range, is reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). In light of the deferential standard set forth in Gall,

Montes-Garay has not established that the district court erred in imposing his sentence. 128 S. Ct. at 597.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Montes-Garay challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.